Thiebaud v. Dufour.

---

THIEBAUD v. DUFOUR.

SUPREME COURT.—*Appeal.*—*Judgment.*—*Trustee.*—*Report of.*—The refusal of the circuit court to confirm a report made by the trustee of an express trust, under a will, is not a final judgment from which an appeal will lie to the Supreme Court, but is merely an interlocutory order.

SAME.—*Interlocutory Order.*—*Statute Construed.*—No appeal lies, under section 189 of the decedents' act, (2 R. S. 1876, p. 557,) from an interlocutory order, except as authorized by section 576 of the practice act (2 R. S. 1876, p. 245).

From the Switzerland Circuit Court.

Thiebaud *v.* Dufour.

*H. W. Harrington,* for appellant.

*T. Livings,* for appellee.

BIDDLE, C. J.—The appellant, trustee of the appellee, under the will of Charles A. Thiebaud, deceased, filed his report in the Switzerland Circuit Court.

The appellee excepted to the report, and filed seven paragraphs of exceptions, upon which the court took the following action:

"And said report, together with said exceptions, being submitted to the court, and evidence heard, the court refused to approve said report, to which refusal the said trustee excepts, and 60 days time is given to file a bill of exceptions."

This is the only judgment of the court shown in the record. The appellant filed his bill of exceptions within the sixty days, and appealed to this court.

This is not a final judgment. It is a mere interlocutory order, from which no appeal will lie. No appeal will lie from an interlocutory order under section 189 of the decedents' act, 2 R. S. 1876, p. 557, except such as are embraced in section 576 of the practice act, 2 R. S. 1876, p. 245. *Woolley* v. *The State,* 8 Ind. 377; *Reese* v. *Beck,* 9 Ind. 238; *Reed's Adm'r* v. *Reed,* 30 Ind. 313; *Reed* v. *Reed,* 44 Ind. 429; *Hamlyn* v. *Nesbit,* 37 Ind. 284; *Goodwin* v. *Goodwin,* 48 Ind. 584; *Wood* v. *Wood,* 51 Ind. 141; Buskirk Prac. 39, 40.

For want of jurisdiction, the appeal is dismissed, at the costs of the appellant.