Pfeiffer *et al.* v. Crane, Guardian.

No. 9939.

PFEIFFER ET AL. *v.* CRANE, GUARDIAN.

| 89 | 485 |
| f169 | 209 |
| 169 | 211 |

| 89 | 485 |
| 171 | 26 |

GUARDIAN AND WARD.— *Settlement.—Appeal to Supreme Court.*—Until a guardian has finally settled and been discharged, so that he has nothing more to do as guardian, an appeal will not lie from an order of the court concerning the settlement of the guardianship.

From the Jackson Circuit Court.

*W. Dixon* and *T. C. Woodburn*, for appellants.

*B. H. Burrell, F. Emerson* and *A. P. Charles,* for appellee.

BICKNELL, C. C.—Allen S. Crane was the guardian of Mary A. Crane and James H. Crane. James H. Crane died intestate and unmarried, in November, 1876, leaving said Mary A. Crane and one Clara B. Haney his sole heirs.

Mary A. Crane, in May, 1880, intermarried with Matthew Pfeiffer, an adult, she being then and now a minor. At the September term, 1881, of the Jackson Circuit Court, said guardian filed in said court his separate final settlement reports in the estate of each of said wards.

In his report in the estate of said Mary A. Pfeiffer he stated that he had repeatedly offered to settle with her and her husband, and had been unable to make settlement with them.

On the 27th of May, 1881, said Mary A. Pfeiffer and her husband appeared in court and filed a written motion, stating that since said marriage they had demanded of said guardian "an accounting and settlement with themselves of the said guardianship, which he had failed and refused to make," and claiming that said reports be dismissed and rejected. This motion was sworn to by said Matthew Pfeiffer. It was overruled by the court.

The ward and her husband then filed exceptions to said reports, and propounded interrogatories to the guardian, which he answered under oath. They then requested the court to make a special finding upon the exceptions, and stated that

they did so with a view of excepting to the decision of the court upon the questions of law involved.

At the November term, 1881, the exceptors requested the court to make a special finding of the facts and state the conclusions of law thereon, and this the court did, sustaining some of the exceptions and overruling others.

The record then states as follows: " To which findings of fact and conclusions of law the exceptors at the time except." They also moved for a new trial, and this motion was overruled. The court then made the following order:

"And it is ordered by the court that the reports of Allen S. Crane, as guardian of Mary A. Pfeiffer and James H. Crane, be rejected, and approval thereof is refused, and said guardian is directed to make and file his report in accordance with the special findings herein." To this order the exceptors at the time excepted.

Their bill of exceptions No. 1 states that the court made the following findings and conclusions of law, to wit: (here insert), " to which findings and conclusions of law numbers 6, 7, 8, 9, E, F, G, H, J and K, the said exceptors at the time excepted." The reasons alleged for the motion for a new trial were as follows:

1. Error of the court in the conclusions of law numbers 2, 3, 4, 8, A, B, C and D, for the reasons that the assessments of the amount of recovery in favor of exceptors are too small.

2. That the findings of fact in the finding and decision of the court are not sustained by sufficient evidence.

3. That the conclusions of law made by the court, in its finding or decision, are all contrary to law.

4. That the findings of fact found by the court in the decision are contrary to law and evidence.

5. On account of errors of law occurring at the trial and excepted to by exceptors at the time.

The order of the court, rejecting the reports of the guardian and directing him to make a further report, was appealed from by the ward and her husband.

Pfeiffer *et al. v.* Crane, Guardian.

The general bill of exceptions containing the evidence describes that order as " the judgment heretofore set out in the record, and the special finding of facts and of law heretofore set out in the record," and states that the exceptors prayed an appeal therefrom, which was granted.

The appellants assign the following errors:

1. The court erred in overruling the appellants' motion to dismiss the report of said appellee in the estate of said ward, Mary A. Pfeiffer, and in the estate of said ward, James H. Crane, deceased.

2. The court erred in its conclusions of law, " E," " F," " J," and " 8."

3. The court erred in overruling the motion for a new trial.

The appellee moves to dismiss the appeal, because " no final order, decree or judgment was made by the circuit court, from which an appeal would lie."

As a general rule, appeals may be taken from the circuit court to the Supreme Court from all final judgments. R. S. 1881, section 632.

The distinction is between final judgments and interlocutory judgments. A final judgment is the ultimate determination of the court upon the whole matter in controversy in the action. An order of the court, made in the progress of the cause, requiring something to be done or observed, but not determining the controversy, is an interlocutory order, and is sometimes called an interlocutory judgment. Powell Appellate Proceedings, 51.

From these interlocutory orders appeals can be taken in four cases only.

1. Where the order is for the payment of money, or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents, or things in action.

2. Where the order is for the delivery of the possession of real property, or for the sale thereof.

3. Where the order grants or dissolves, or overrules a mo-

tion to dissolve, an injunction in term, or grants an injunction in vacation.

4. Where the order is made upon a writ of *habeas corpus* either in term or vacation. R. S. 1881, section 646, which is the same as section 576 of the code of 1852.

The order appealed from in this case is not one of any of the foregoing cases. Therefore, if it is an interlocutory order, the appeal will not lie and ought to be dismissed. It does not make a final disposition of the guardianship. It would seem, therefore, not to be a final judgment. It substantially rejects a guardian's report, and directs him to make another report. It would seem, therefore, to be an order made in the progress of the cause, not determining the controversy, and, therefore, interlocutory.

The appellant claims that it is in the nature of a final judgment; he says it determines the rights of the parties, at least as to those parts of the report which were held to be right. But so it might be said that an interlocutory decree for the partition of lands determines the interests of the parties and orders the land to be divided according to such interests; yet it has always been held that an appeal will not lie from such an interlocutory order, because it is not one of those mentioned in the statute. *Rennick* v. *Chandler*, 59 Ind. 354.

In the case of *Thiebaud* v. *Dufour*, 57 Ind. 598, a trustee of an express trust under a will had made a report to the circuit court; there were exceptions to the report, and the court made the following order: "And said report, together with said exceptions, being submitted to the court, and evidence heard, the court refused to approve said report, to which refusal the said trustee excepts, and sixty days' time is given to file a bill of exceptions." The trustee appealed. This court said: "This is not a final judgment. It is a mere interlocutory order, from which no appeal will lie." The only difference between this case and the case at bar is that in the former the trustee appeals, in the latter the *cestui que trust* appeals.

In *Wood* v. *Wood*, 51 Ind. 141, an order had been made for distribution of the surplus of a decedent's estate, and after-

Pfeiffer *et al. v.* Crane, Guardian.

wards, on a petition filed for that purpose, judgment was rendered that said order of distribution be set aside and held for nought, and from this judgment an appeal was taken. This court held that it was not a final judgment, and that an appeal would not lie.

In *Goodwin* v. *Goodwin,* 48 Ind. 584, it was held that there could be no appeal from a partial settlement of an executor or administrator, and that such settlements are not conclusive, but are only *prima facie* correct, and on final settlement may be opened up so as to correct mistakes therein, although not excepted to at the time. There is no reason why the same rule should not apply to partial settlements of guardians.

In the case of *Angevine* v. *Ward,* 66 Ind. 460, the guardian submitted to the court what purported to be his final report. The administrator filed exceptions to said report; the reports were approved and the exceptions of the administrator were not sustained, and the court made an order to that effect, but did not discharge the guardian. The administrator appealed, and claimed that the order operated as a final settlement, but the court said : " We are of the opinion that it was not in any proper sense an order of final settlement of the guardianship, and that it did not, in legal effect, discharge the appellee from such guardianship. By its terms, further duties in regard to his trust were devolved upon the appellee."

The administrator's appeal was dismissed because the order appealed from was not a final judgment, but was an interlocutory judgment, and was not one of the orders mentioned in section 576 of the code of 1852, which is the same as section 646 of the R. S. of 1881. For the same reason, and under the authority of the cases hereinbefore cited, the present appeal should be dismissed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the appeal in this cause be and the same is hereby dismissed, at the costs of the appellants.

Original opinion filed at the November term, 1882.

Opinion on petition overruled at the May term, 1883.

## On Petition for a Rehearing.

BICKNELL, C. C.—The controversy in this case arose upon the separate reports of the guardian of the estates of each of his wards, Mary A. Crane and James H. Crane. Mary A. Crane. had married Matthew Pfeiffer, and James H. Crane had died, leaving Mary A. Crane his sole heir.

The court made an order that both reports be rejected and approval thereof refused, and that the guardian report further. From this order Pfeiffer and wife appealed.

It was held in *Angevine* v. *Ward*, 66 Ind. 460, that, to authorize an appeal from the final settlement of a guardian, such settlement must fully discharge the guardian, and leave nothing to be done by him in his fiduciary capacity. In the present case the order appealed from leaves the guardianship open and under the control of the court, and requires the guardian to report further. The case just cited and the other cases referred to in the principal opinion show conclusively that an appeal will not lie from such an order. The petition for a rehearing should be overruled.

PER CURIAM.—The petition is overruled.