HOME ELECTRIC LIGHT AND POWER COMPANY *v.* THE GLOBE TISSUE PAPER COMPANY.

[No. 17,797.   Filed May 27, 1896.]

JUDGMENT.—*Definition of Final Judgment.*—A final judgment is one which determines the rights of the parties in the suit, or a distinct and definite branch of it, and reserves no further question or direction for future determination.

SAME.—*Entry.*—*Appealable Judgment.*—An entry by the court, in a civil action, that it found defendant guilty of contempt of court and "now assesses a fine of $100.00 against the defendant, reserving the right to remit all or any part of said fine at any time before the final disposition of this cause," is not a final and appealable judgment.

From the Elkhart Circuit Court.   *Affirmed.*

*Dodge & Hubbell*, and *Vanfleet & Vanfleet*, for appellant.

*Baker & Miller*, *Osborn & Zook* and *Chamberlain & Turner*, for appellee.

HACKNEY, J.—In a suit by appellee against the appellant, the latter was restrained from certain uses of the water-power, supplied to both companies by the St. Joseph Hydraulic Company.

While that suit was pending, and within a few days after the order so restraining the appellant, the appellee filed certain affidavits, in which the trial court was advised that the appellant had been guilty of con-

Home Electric Light and Power Co. *v.* Globe Tissue Paper Co.

tempt in violating said order. The appellant was permitted to file certain counter-affidavits, and the court made the following entry: "This matter having been submitted to the court upon the affidavits heretofore filed herein, by the respective parties, and the court being well advised in the premises, now finds the defendant, the Home Electric Light and Power Company, guilty of contempt of court, as charged, and the court now assesses a fine of one hundred ($100.00) dollars against the defendant, reserving the right to remit all or any part of said fine at any time before the final disposition of this cause; to all of which defendant, at the time, by counsel, duly excepts. And the defendant now tenders its bill of exceptions number one." From this entry said Home Electric Light and Power Company has brought the record in said cause to this court, as upon appeal from a final judgment. The appellee challenges said entry as not constituting a final judgment from which an appeal lies, and the appellant attempts no answer to this proposition.

"A final judgment is one which determines the rights of the parties in the suit, or a distinct and definite branch of it, and reserves no further question or direction for future determination." 12 Am. and Eng. Ency of Law, p. 63, and cases cited; 1 Black. Judg., sections 21, 31, 46; *Thomas, Admr.,* v. *Chicago, etc., R. W. Co.,* 139 Ind. 462; *Needham* v. *Gillaspy,* 49 Ind. 245.

Here there is no order for the recovery of any sum, and no adjudication as to costs, nor is it apparent that the court intended the entry as anything further than a finding, since the privilege "to remit all or any part" of the fine is reserved. Treating the proceeding as in the nature of criminal proceedings, and the recovery being a fine, the judgment would be in the name of and enforceable by the State of Indiana. If the entry

in question were a judgment, it would not only preclude a remittitur by the trial court, but would take on that character without any order for payment, and without including a payee. If it were in the nature of a civil proceeding it would not direct the payment for the benefit of any person or corporation; "a fine" would be but the equivalent "damages," and would, therefore, be nothing more than a finding without any order of recovery. As such it would not be a final judgment. *Needham* v. *Gillaspy, supra.*

In our opinion, the entry in question is not a final judgment, and no appeal lies.

The appeal is dismissed.