MAK-SAW-BA CLUB v. COFFIN, CONSTRUCTION COMMISSIONER, ET AL.

[No. 20,818. Filed October 29, 1907.]

1. DRAINAGE.—*Circuit Court.—Procedure.*—The statute providing for the establishment of drains by petition to the circuit court, being silent as to procedure, the civil code governs. p. 207.

2. APPEAL.—*Right of.—Statutes.—Final Judgments.*—The right of appeal is purely statutory, and, with the exception of certain interlocutory orders, an appeal can be taken only from a final judgment. p. 207.

3. SAME.—*Perfecting.—Interlocutory Orders.*—An appeal from an interlocutory order cannot be perfected without a strict compliance with the statutory requirements. p. 207.

4. SAME.—*Final Judgment.—What is.*—A final judgment is one that ends the controversy as to all of the parties. pp. 207, 208.

5. SAME.—*Unnecessary.—Final Judgments.*—The purpose of the rule forbidding appeals from any except final judgments is to prevent unnecessary appeals, and to permit the trial court to correct any erroneous rulings made prior to final judgment. p. 208.

6. SAME.—*Final Judgment.—Drainage.*—The order establishing a drain and appointing a commissioner to construct same constitutes a final judgment from which an appeal lies, the subsequent work of construction being the mere carrying out of such order. p. 210.

7. SAME.—*Final Judgment.—Decedents' Estates. — Guardians.— Trustees.—Current Reports.*—The approval or rejection of the current report of an executor, administrator, guardian, or trustee of an express trust, does not constitute a final judgment from which an appeal will lie. p. 210.

8. SAME.—*Drains.—Commissioner's Current Reports.*—No appeal lies from the action of the court in approving current reports of a commissioner appointed to construct a drain. p. 211.

9. SAME.—*Final Judgment.—Affirmative Showing of.*—The record on appeal must affirmatively show a final judgment in order to give the court jurisdiction to determine the merits of the appeal. p. 212.

10. SAME.—*Judgments for Costs.*—Mere judgments for costs, or judgments overruling motions to retax costs, are not appealable. p. 212.

From Starke Circuit Court; *John C. Nye,* Judge.

Partial report of William H. H. Coffin, as commissioner for the construction of a public drain, to which the Mak-Saw-Ba Club objects. From an order approving the report, the exceptor appeals. *Appeal dismissed.*

*Frank E. Osborn, William A. McVey, Lee L. Osborn, H. R. Platt* and *W. A. Foster,* for appellant.

*H. R. Robbins, W. C. Pentecost* and *T. E. Howard,* for appellees.

JORDAN, J.—Appellee Coffin, as commissioner, charged with the construction of the public ditch here involved, filed

an amended report, showing the completion of said ditch as ordered by the court. By his report he further showed that some of the assessments were uncollected, and that there were costs and expenses remaining unpaid. Said commissioner reported the completion of the drain, recommended its acceptance, and requested that the court continue the cause for a final report, so that he, as such commissioner, might be able to complete the collection and make the disbursements as required by law. Appellant, a landowner affected by the construction of said ditch, filed exceptions to the report, going to the question of the completion of the drain, and after a hearing by the court, pursuant to request, it made and entered a special finding upon the questions thus drawn into controversy. October 9, 1905, appellant filed its motion for a new trial, and, on the same day, appellees' attorneys filed their petition for an allowance of attorneys' fees in the litigation over said report. January 29, 1906, the court overruled the motion for a new trial, and by its order the drain was "declared completed according to law," and a judgment was rendered for costs against appellant in favor of Coffin, as commissioner, "to which judgment," as the record states, "the Mak-Saw-Ba Club objects and excepts, and prays an appeal to the Supreme Court." Time was then given for a bill of exceptions, and a bond was suggested and approved. Immediately following this, according to the record, appellant moved to strike out the petition of said attorneys, and thereupon the petition was withdrawn. As the next step, and as a part of the same entry, appellee Coffin filed his petition for an allowance of attorneys' fees in said litigation. Appellant moved to strike out this petition, but its motion was overruled, and a trial of said question followed, resulting in the making of an order for such allowance. To the making of this portion of the order appellant objected and excepted, and asked time for a bill of exceptions, but it did not pray an appeal or suggest a bond. Within the time fixed for the filing of a bond,

as provided for in the previous part of said order, appellant filed its bond, reciting that it had appealed from the judgment against it for costs. Appellant's assignments of error go to the questions of the acceptance of said drain as completed, and the allowance of said attorneys' fees.

The threshold question in this case is in regard to our jurisdiction. As this was a proceeding in the circuit court, under the statute relating to the construction of public drains, we assume that it is governed as to the procedure by the civil code. *Campbell* v. *Fichter* (1907), 168 Ind. 645, and cases cited.

The authority to appeal is statutory. *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600. Section 671 Burns 1908, §632 R. S. 1881, gives the right of appeal from final judgments, and we have no jurisdiction in any other case unless it falls within the provisions of the act of 1905 (Acts 1905, p. 490, §658 Burns 1905), concerning appeals from certain interlocutory orders. We need not inquire whether that part of the order providing for the payment of attorneys' fees authorized an appeal under the latter statute, because, as to the portion of the order or judgment mentioned, appellant did not follow the provisions of the code concerning the taking of interlocutory appeals. *Natcher* v. *Natcher* (1899), 153 Ind. 368.

We are therefore remitted to the question as to whether the order from which this appeal is prosecuted, regarded as a whole, was a final judgment. As far back as *Metcalfe's Case* (1615), 11 Coke *38, "it was resolved that no writ of error lies until the last judgment." The general rule is that a final judgment must leave the case disposed of as to all of the parties, and, as far as is within the power of the court, put an end to the controversy. *Terre Haute, etc., R. Co.* v. *Indianapolis, etc., Traction Co.* (1906), 167 Ind. 193, and authorities cited; 2 Ency. Pl. and Pr., 61. There are colorable, if not real, exceptions to the rule, but

as it is founded on the policy of the law to prevent unnecessary appeals, he who asserts that his case is within an exception must show a solid reason for so treating it. *Western Union Tel. Co.* v. *Locke* (1886), 107 Ind. 9; 1 Freeman, Judgments (4th ed.), §33; Elliott, App. Proc., §84. In the section last cited the authors say of the rule: "Its scope is comprehensive, and few exceptions break its force or narrow its operation." No question becomes *res adjudicata* until it is settled by a final judgment. 1 Freeman, Judgments (4th ed.), §251.

The effect of such a judgment is to bring forward, for the purpose of an appeal, all merely interlocutory orders concerning which steps have been duly taken to reserve the questions, but, except as provided by statute, appeals from such orders are denied. One reason for this is that so long as a cause is *in fieri* intermediate orders are subject to modification or rescission by the court. *Boonville Nat. Bank* v. *Blakey* (1906), 168 Ind. 427; Elliott, App. Proc., §83; 15 Ency. Pl. and Pr., 352; 23 Cyc. Law and Proc., 905. And a further reason is that public policy would be contravened, to say nothing of the statute, by permitting piecemeal appeals. In fact this court has repeatedly recognized and enforced the rule that it will not decide a cause by piecemeal or in fragments. *Abshire* v. *Williamson* (1898), 149 Ind. 248, and authorities cited.

In *Western Union Tel. Co.* v. *Locke, supra,* this court quoted with apparent approval the following declaration of Judge Freeman: "The general rule recognized by the courts of the United States, and by the courts of most, if not all, the states is, that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it." 1 Freeman, Judgments (4th ed.), §34. See, also, Elliott, App. Proc., §83; 2 Ency. Pl. and

Pr., 254; *Galentine* v. *Brubaker* (1897), 147 Ind. 458; *Newark Plank Road, etc., Co.* v. *Elmer* (1855), 9 N. J. Eq. 754.

In this latter case the court held that if a decree or judgment leaves important questions for further adjudication it is not final. In Elliott, App. Proc., §83, it is said: "No order is final in such a sense as to constitute a final judgment unless it disposes of the main case so far as there is power in the trial court to decide upon the questions presented by the issues, no matter how clearly and decisively the order may indicate what the ultimate judgment will be. Until there is an ultimate judgment the case is not finally disposed of inasmuch as the trial court may change its rulings, * * * or make some such order, notwithstanding the fact that in other rulings it may have clearly manifested a purpose to carry its rulings into the ultimate judgment or decree. A decretal order although interlocutory in its nature may, of course, be carried forward and embodied in a final decree and thus become an essential part of that decree, but until it is so embodied in the final decree no appeal will lie. The rule that no matter how decisive may seem the ruling of the trial court it is not a final judgment, is well illustrated by the cases in which rulings were made denying a motion for a judgment on a special verdict or on the answers of a jury to special interrogatories, for such a ruling is seemingly as clearly indicative of what the final judgment will be, as it is possible for any order to be, except, of course, the ultimate judgment itself."

In *Pfeiffer* v. *Crane* (1883), 89 Ind. 485, a final judgment was thus defined and differentiated from an interlocutory order: "A final judgment is the ultimate determination of the court upon the whole controversy in the action. An order of the court, made in the progress of the cause, requiring something to be done or observed, but not determining the controversy, is an interlocutory order, and is sometimes

called an interlocutory judgment.'' It was said by the Supreme Court of the United States, in *Bostwick* v. *Brinkerhoff* (1882), 106 U. S. 3, 27 L. Ed. 73: ''The rule is well settled and of long standing that a judgment or decree to be final, within the meaning of that term as used in the acts of congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties' on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered.''

In getting at the status of this proceeding at the time in question, attention should be given to the case of *Perkins* v. *Hayward* (1890), 124 Ind. 445. It was there pointed

6. out that, so far as establishing the work as a public drain is concerned, the order upon that subject constitutes the final judgment, and that thereafter the cause is upon the docket for the purpose of carrying out the provisions of such judgment. We may, therefore, infer that from the time the construction commissioner is appointed until he is discharged his relation to the court is in the nature of a trusteeship, and that the carrying out of the undertaking for which he was appointed, and the making of due account for his trusteeship, constitute the general subject-matter with which the court and the parties are concerned.

Entertaining this view, we may look to the authorities

7. to determine what constitutes a final adjudication in analogous cases. However, in this connection we may, in order to prevent any misunderstanding, state that the provision of the decedents' estate act concerning appeals is broader than the civil code. §2977 Burns 1908, §2454 R. S. 1881; *Taylor* v. *Burk* (1883), 91 Ind. 252.

In *Goodwin* v. *Goodwin* (1874), 48 Ind. 584, it was said: ''There is no statute authorizing an appeal from the order or action of the court in allowing or passing a partial settlement of an estate.'' It was held in *Cravens* v. *Chambers* (1876), 55 Ind. 5, that an assignee could not appeal from

an order sustaining exceptions to his current report.    In *Thiebaud* v. *Dufour* (1877), 57 Ind. 598, the court held that the trustee of an express trust under a will could not appeal from an order refusing to approve such a report.    There was a like holding, in the case of a guardian, in *Pfeiffer* v. *Crane, supra*.    The case of *Angevine* v. *Ward* (1879)., 66 Ind. 460, is even stronger, since it involved the overruling of exceptions to a guardian's report in final settlement.    In dismissing the appeal the court said concerning the order complained of:   "We are of opinion that it was not in any proper sense an order of final settlement of the guardianship, and that it did not, in legal effect, discharge the appellee from such guardianship.    By its terms, further duties in regard to his trust were devolved upon the appellee.   · If no further order has been made in the premises, the guardianship is still open and under the control of the court below." There are authorities in other states to the effect that allowances of credits claimed by such officers are nonappealable where they are subject to be reopened on final hearing. *Baker* v. *Schoeneman* (1867), 41 Mo. 391; *In re Rose's Estate* (1889), 80 Cal. 166, 22 Pac. 86; *Scott's Heirs* v. *Kennedy's Exs.* (1851), 51 Ky. 510.

It was decided in *Tatem & Canby* v. *Gilpin* (1816), 1 Del. Ch. 13, that an order made upon a point whereby a right was established was not appealable where it was only 8.   preparatory to a final order.   We may here observe that Judge Freeman, in attempting to classify the orders which may be mistaken for final judgments or decrees, mentions, as belonging to one of such classes, orders "which, while they determine the rights of the parties either in respect to the whole controversy or some branch of it, merely ascertain and settle something without which the court could not proceed to a final adjudication, and the settlement of which is obviously but preliminary to a final judgment or decree."   1 Freeman, Judgments (4th ed.), §29. The order made by the court below is of this character.

As a further reason for holding that the order in question is interlocutory, it may be said, as the authorities herein cited affirm, that an order, which does not dispose of all of the issues or questions before the court, or of those which it is essential to determine before the court can be said to have disposed of the whole controversy as to the rights of the parties, is clearly nonappealable. *Western Union Tel. Co.* v. *Locke* (1886), 107 Ind. 9; *Champ* v. *Kendrick* (1892), 130 Ind. 545; *Terre Haute, etc., R. Co.* v. *Indianapolis, etc., Traction Co.* (1906), 167 Ind. 193; *Keystone, etc., Iron Co.* v. *Martin* (1889), 132 U. S. 91, 10 Sup. Ct. 32, 33 L. Ed. 275; *Chittenden* v. *Missionary Society, etc.* (1853), 8 How. Pr. 327.

The order in question does not undertake to fix the compensation of the commissioner or his allowance for subsequent expenses, and we may well conjecture that upon the coming in of the final report there will be demands of this character made, and possibly exceptions filed thereto, with the possibility of another appeal if such claims are allowed. The rule is that a record must affirmatively show a final judgment to authorize an appeal under the general statute. *Reese* v. *Beck* (1857), 9 Ind. 238.

We note the fact that the order appealed from embraced a judgment for costs. Such an order, however, is not one for the payment of money within the statute allowing appeals from interlocutory orders. *Hamrick* v. *Danville, etc., Road Co.* (1868), 30 Ind. 147. Neither can an appeal be taken from such an order on the mere theory that it is a final judgment. Costs are regarded as but an incident of a suit, and the fact that they are awarded cannot serve to render a judgment final, so as to bring it within the revisory power of an appellate tribunal, in the absence of a determination of the principal controversy in its entirety. *Scott* v. *Burton* (1851), 6 Tex. 322, 55 Am. Dec. 782; 2 Cyc. Law and Proc., 593; 2 Century Digest, title, Appeal and Error, §481.

The correctness of the judgment for costs is in nowise questioned by the assignment of errors in this appeal, and it stands as a mere incident of an order which is subject to revision, and, besides, in the nature of things, it does not dispose of the subject-matter of the proceeding. We cannot, therefore, accord to the judgment for costs the effect of a final judgment. An order denying a motion to retax costs in the case is not appealable. An appeal in such a case lies only from the final judgment in the particular cause. *State, ex rel.,* v. *Millis* (1897), 19 Mont. 444, 48 Pac. 773.

The rendition of interlocutory judgments for costs is a common incident of proceedings in court (§623 Burns 1901, §596 R. S. 1881), and if an appeal were authorized from every order to which a judgment of costs is appended, it would operate to split up and multiply appeals. The question before us was decided in *Hamrick* v. *Danville, etc., Road Co., supra,* the court holding that a judgment for costs rendered during the pendency of the proceedings was not a final judgment, and was not an appealable order within the statute authorizing appeals from interlocutory orders in certain cases.

Appellant's counsel rely on *Racer* v. *Wingate* (1894), 138 Ind. 114, as authority for the prosecution of an appeal from the order of the court below. The order which was appealed from in the case referred to provided that the drainage commissioner "be and hereby is relieved from all further responsibility relative to the construction of said ditch." Such an order more nearly approached a final order than is found in the proceedings of the court in this case, but in any event the case of *Racer* v. *Wingate, supra,* cannot be regarded as a precedent in favor of our jurisdiction, because the court there stated that the sole question in that case related to the propriety of entering the order, thus showing affirmatively that the question as to whether the order was interlocutory did not receive any consideration by the court. So far as the order or judgment in question left undeter-

mined or unsettled for further adjudication attorneys' fees and allowances to the commissioner, or other important matters in the case, it was not final so as to authorize an appeal, and an appeal therefrom is a fair illustration of appeals taken in piecemeal.

The conclusions which we have reached must lead to a dismissal of the appeal in this cause. Appellees' motion to dismiss the appeal is therefore sustained, on the ground that the order or judgment from which it is prosecuted is not final. The appeal is therefore dismissed at the cost of appellant.