## LEACH, GUARDIAN v. WEBB.

[No. 9,512.   Filed June 27, 1916.   Motion to reinstate overruled
October 5, 1916.]

APPEAL.—*Judgments Reviewable.*—*Judgment on Exceptions to Guard-
ian's Report.*—A judgment ordering the reform of a guardian's
final report in certain particulars, but neither discharging the
guardian nor terminating the guardianship, is not a final judgment
from which an appeal will lie to the Appellate Court.

From Tipton Circuit Court; *James M. Purvis*,
Judge.

James H. Leach, guardian of Floyd Webb, minor,
filed his final report, to which Floyd Webb filed
exceptions.   From a judgment for the exceptor, the
guardian appeals.   *Appeal dismissed.*

*O. H. Mendenhall*, for appellant.
*Cleon Wade Mount*, for appellee.

McNUTT, J.—James H. Leach, as guardian of Floyd
Webb, minor, filed his final report in the court below,
in which it was shown that his ward had arrived at the
age of twenty-one years.   To this report said Webb
filed exceptions, to which said Leach filed a reply
in general denial.   The matter was submitted to
the court for trial, and upon proper request the
court found the facts specially, and stated its con-
clusions of law thereon in favor of the appellee.   The
court also rendered the following alleged judgment:
"It is therefore ordered, adjudged and decreed,
by the court, that said guardian reform his said
final report, as set out in the special finding of
facts and conclusions of law thereon, and that he
pay all costs, and charges accrued on account of
the objections filed to said final report, and the
trial thereof, taxed at $. . . . . . .   It is also ordered
and decreed by the court, that said guardian make
and file his amended final report on or before No-

vember 15th, 1915, and that he pay into the hands of the clerk of this court the sum of $323.20 in cash and turn to the custody of the clerk, one note calling for $32.50. All of which is finally ordered, adjudged and decreed by the court."

Said Leach excepted to the court's conclusions of law, and also filed his motion for a new trial, which was overruled and excepted to. Appellant in the above form assigns numerous errors in this court, among which are that the court erred in several of its conclusions of law, and also in overruling his motion for a new trial.

We are of the opinion that the judgment rendered by the trial court does not make a final disposition of the guardianship, and therefore it is not such a final judgment from which an appeal will lie to this court; and that this appeal ought to be dismissed. In the case of *Angevine, Admr.* v. *Ward, Gdn.* (1879), 66 Ind. 460, the guardian submitted to the court, after the ward's death, what purported to be his final report. The administrator of his estate filed exceptions to the guardian's report. The exceptions were not sustained, and the court made an order to that effect, but did not discharge the guardian. The administrator appealed, but the court said: "But we are of the opinion that it was not in any proper sense an order of final settlement of the guardianship, and that it did not, in legal effect, discharge the appellee from such guardianship. By its terms, further duties in regard to his trust were devolved upon the appellee." The appeal was dismissed.

The case of *Pfeiffer* v. *Crane, Gdn.* (1883), 89 Ind. 485, is very much like the case at bar. The court, after hearing evidence upon exceptions to the guardian's final report, made the following order: " 'And it is ordered by the court that the reports of

Allen S. Crane, as guardian of Mary A. Pfeiffer and James H. Crane, be rejected, and approval thereof is refused, and said guardian is directed to make and file his report in accordance with the special findings herein.'" The court, speaking of the order made in that case, said: "It does not make a final disposition of the guardianship. It would seem, therefore, not to be a final judgment. It substantially rejects a guardian's report, and directs him to make another report. It would seem, therefore, to be an order made in the progress of the cause, not determining the controversy, and, therefore, interlocutory." The Supreme Court dismissed the appeal for that reason.

The judgment in the case at bar, as shown herein, shows by its terms that the guardian was not discharged; but he was ordered to reform his final report in accordance with the special finding of facts and conclusions of law and also to make and file his amended final report at a later day.

Under the authorities above cited and cases therein cited, the appeal must be dismissed. See, also, *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 211, 82 N. E. 461.

Appeal dismissed.

NOTE.—Reported in 113 N. E. 311. See also 2 Cyc 586; 3 C. J. 570.