### STOUT ET AL. *v.* STOUT, ADMINISTRATOR.

[No. 9,470.   Filed December 20, 1916.   Rehearing denied March 30, 1917.   Transfer denied June 28, 1918.]

1. APPEAL.—*Judgments Appealable.*—*Finding on Exceptions to Administrator's Report.*—*Interlocutory Order.*—*Statutes.*—On exceptions to an administrator's final report, a finding ordering him to file an amended report charging certain advancements is not a final and appealable judgment within the meaning of §671 Burns 1914, §632 R. S. 1881, nor is the order an interlocutory order from which an appeal is authorized by §1392, cls. 15-18, Burns 1914, Acts 1907 p. 237.   p. 282.

2. COURTS.—*Rule of Decision.*—*Decision of Supreme Court.*—The decisions of the Supreme Court are binding upon the Appellate Court, except as provided in §1394, cl. 1, Burns 1914, Acts 1901 p. 565, authorizing either division of the Appellate Court to transfer a case to the Supreme Court where two of the judges of such division are of the opinion that a ruling precedent of the Supreme Court is erroneous. p. 282.

3. APPEAL.—*Judgments Appealable.*—*Finding on Exceptions to Administrator's Report.*—*"Decision."*—*Statutes.*—Under §2977 Burns 1914, §2454 R. S. 1881, §2978 Burns 1914, Acts 1913, p. 65, authorizing an appeal by any person aggrieved by any "decision" growing out of any matter connected with a decedent's estate and providing a method for taking such appeals, an appeal will not lie from a decision which is not a final judgment within the meaning of §671 Burns 1914, §632 R. S. 1881, or an appealable interlocutory order within the terms of §1392, cls. 15-18, Burns 1914, Acts 1907 p. 237, the word "decision," as used in §§2977, 2978 being intended to embrace only final judgments and interlocutory orders appealable under the general practice acts. p. 284.

From Wells Circuit Court; *Evans M. Cole,* Judge *pro tem.*

Charles W. Stout, administrator of the estate of Reuben Stout, deceased, filed his final report, and Ira Stout and others excepted thereto. From the finding made, the objectors appeal. *Appeal dismissed.*

*H. B. Spencer, J. W. Moffett, Abram Simmons* and *Charles G. Dailey,* for appellants.

*Charles E. Sturgis* and *Robert W. Stine,* for appellee.

HOTTEL, J.—Reuben Stout died intestate on April 1, 1914, leaving as his only heirs at law, his children, Charles W. Stout and Cerilda Williams, his grandchildren, the appellants, Ira Stout, Andrew Stout, Harry Stout and Viola Stout, children of William C. Stout, a son of intestate, who died before his father, and two great-grandchildren, Mabel Smith and Helen

Smith, daughters of Jennie Smith, who was a daughter of said William C. Stout, and who died prior to the death of said intestate.

Charles W. Stout was appointed and qualified as the administrator of intestate's estate, and, on May 5, 1915, filed his final report, in which he showed that he had distributed the sum of $4,776.06, the assets of the estate on hand for distribution, as follows: to Charles W. Stout, one-third part; to Cerilda Williams, one-third part; to Ira Stout, one-fifteenth part; to Andrew Stout, one-fifteenth part; to Harry Stout, one-fifteenth part; to Viola Stout, one-fifteenth part; to Mabel Smith, one-thirtieth part; and to Helen Smith, one-thirtieth part. The report showed that all debts and liabilities of the estate had been paid, and all assets thereof fully administered. Prayer that the report be approved, the administrator discharged, and the estate closed.

Appellants filed exceptions to this report on the ground that intestate, in his lifetime, made certain advancements and conveyances to Charles W. Stout and Cerilda Williams, that when said advancements and conveyances were made, and long prior thereto, said intestate was of unsound mind, that said advancements and conveyances are a part of the personal estate of said intestate, and should have been, but were not, accounted for by the administrator in said report.

Said administrator replied to said exceptions: (1) In general denial; (2) that said intestate, in his lifetime, gave to William C. Stout, as an advancement, money and property of the value of $3,856.58, which exceeded the amount of any advancement to said Cerilda Williams or said Charles W. Stout; (3) that said William C. Stout, at the time of his death, was

indebted to said intestate in the sum of $2,593.58, which has never been paid, and which should be charged against and deducted from the amount due appellants as their share of said estate.

There was a trial by the court, and pursuant to a request therefor, the court made a special finding of facts and stated conclusions of law thereon.

For the purposes of this opinion, it is sufficient to say that the finding of the court was in effect a finding that the report was in all respects correct, except as to certain advancements, which the court found the decedent had made to certain of his children, which advancements the court found should have been, but were not, taken into account in the distribution made by such administrator. Upon its finding of facts the court stated conclusions of law, which need not be set out.

The record then shows the following entry, of September 28, 1915: "The court now renders judgment on the conclusions of law upon the special findings of facts. It is therefore considered and adjudged by the court that Charles W. Stout, administrator of the estate of Reuben Stout, shall make and file an amended report, in which Cerilda Williams shall be charged with an advancement in the sum of $3,750.00 and said Charles W. Stout shall be charged with an advancement in the sum of $3,500.00, and said heirs of William C. Stout, namely: Ira Stout, Andrew Stout, Harry Stout, Viola Stout, Mabel Smith, and Helen Smith, shall be charged with an advancement in the sum of $3,856.58 as having been made to the said William C. Stout. It is further considered and adjudged by the court that said Charles W. Stout, as administrator of the estate of Reuben

Stout, deceased, shall pay the costs of this proceeding out of the proceeds of said estate before distribution is made."

It is from this order that appellants prosecute this appeal.

This is not a final judgment within the meaning of §671 Burns 1914, §632 R. S. 1881, and the authorities construing such section. Leach v. Webb (1916),

1.    62 Ind. App. 693, 113 N. E. 311; Pfeiffer v. Crane, Gdn. (1883), 89 Ind. 485; Thiebaud v. Dufour, (1877), 57 Ind. 598, and cases there cited; Wood v. Wood (1875), 51 Ind. 141; Goodwin v. Goodwin (1874), 48 Ind. 584; Angevine v. Ward (1879), 66 Ind. 460; Mak-Saw-Ba Club v. Coffin (1907), 169 Ind. 204, 210, 213, 82 N. E. 461, and cases there cited.

Nor is the order appealed from one of the interlocutory orders from which an appeal is authorized by subdivisions 15, 16, 17 and 18, of §1392 Burns 1914, Acts 1907 p. 237. Thiebaud v. Dufour, supra, and cases there cited; Pfeiffer v. Crane, Gdn., supra.

In this connection, we deem it proper to say that a majority of this court recognize that in cases like the one here involved an apparent hardship and injustice results from the interpretation and construction given to said §671 Burns 1914, supra. This fact, though not referred to in the opinion, was given consideration by this court in the recent case of Leach v. Webb, supra, but we felt that under the decisions of the Supreme Court there cited and followed the question involved was not an open one.

The decisions of the Supreme Court are binding upon this court, except as provided in §1394 Burns 1914, Acts 1901 p. 565, which authorizes either

2.    division of this court to transfer a case to the Supreme Court for disposition where two of

the judges of such division "are of the opinion that a ruling precedent of the Supreme Court is erroneous." In view of the fact that the interpretation and construction of said §671 above indicated seems to be so thoroughly established and long recognized, it might be better that any apparent injustice which may result therefrom in cases of this character be corrected by legislation rather than by a change of judicial construction or interpretation. If the Supreme Court should be of a different opinion the second subdivision of said §1394, *supra,* provides a method whereby the appellant may get the benefit of the judgment of that court on said question.

For the reasons above indicated, the appeal is dismissed.

## On Petition for Rehearing.

Hottel, J.—Appellants have filed a petition in this cause, in which they ask a rehearing herein, and that such cause be reinstated as a cause pending in this court for disposition on its merits.

Six reasons are assigned by appellants in their petition for the relief asked therein. The gist of their contention, however, urged in their brief, is expressed in their third reason, which is as follows: "The court erred in holding and deciding that this appeal should be dismissed because a final judgment had not been rendered within the meaning of section 671, and because the said appeal was not from one of the interlocutory orders from which an appeal is authorized by subdivisions 15, 16, 17 and 18, of section 1392, Burns 1914, for the reason that this appeal is prosecuted under sections 2977 and 2978, Burns 1914, which fully authorize and provide for the appeal in this cause."

This reason correctly interprets the effect of the original opinion herein, and is also correct in stating that the appeal was prosecuted under said

3. §§2977, 2978, supra, of the decedent's act.

While the original opinion fails to mention the fact that this appeal was prosecuted under said sections of the decedent's act, such fact was not overlooked in our original consideration and disposition of the case. In such opinion we made no attempt to distinguish between the finality of the judgment or the kind of interlocutory order that may be appealed from under said sections, and the finality of the judgment or kind of interlocutory order that may be appealed from generally in civil cases under §671, supra, and subdivisions 15, 16, 17 and 18 of §1392, supra, because we thought that the authorities which we cited in support of our opinion hold in effect that in either case the only judgment or decision of the trial court from which an appeal is authorized is a judgment that is final within the meaning of §671, supra, or an interlocutory order named in the subdivisions, supra, of §1392 Burns 1914, supra.

Such is the effect of the original opinion, and among the cases cited in its support is that of Thiebaud v. Dufour (1877), 57 Ind. 598, in which it is expressly held that: "No appeal will lie from an interlocutory order under section 189 of the decedent's act, 2 R. S. 1876, p. 557, except such as are embraced in section 576 of the practice act, 2 R. S. 1876, p. 245." In support of this statement several cases are there cited.

Section 189 of the decedent's act referred to in the language quoted provides for an appeal by any person aggrieved by any decision of a court of common

pleas growing out of any matter connected with a decedent's estate, and for the purpose of the question under consideration may be treated as identical with §2977 Burns 1914, *supra.*

Section 576, referred to in said quoted language, is a section of the practice act designating the interlocutory orders from which an appeal is authorized, and hence, for the purposes of the question under consideration, is the same as subdivisions 15, 16, 17 and 18 of §1392 Burns 1914, *supra.*

The Supreme Court in the case of *Pfeiffer* v. *Crane, Gdn.* (1883), 89 Ind. 485, also cited in the original opinion, expressly held that appeals from interlocutory orders "can be taken in four cases only," naming the cases designated in §646 R. S. 1881, which is the same as said §576, *supra,* of said practice act of 1876 and the Code of 1852, and substantially the same as subdivisions 15, 16, 17 and 18 of §1392, *supra.* This case cites with approval the case of *Thiebaud* v. *Dufour, supra.*

We have carefully examined the cases cited and relied on by appellant and find nothing in any of them in conflict with the decisions *supra.* They hold in effect and necessarily so we think, that when an appeal is prosecuted from any decision "growing out of a matter connected with a decedent's estate," the appeal must be prosecuted in the manner and within the time prescribed by said §§2977, 2978, *supra.* To hold otherwise would be to render said sections a nullity, because the purpose of their passage was to furnish a *method* of *and time for* appeal different from that prescribed in the ordinary civil case.

However, in this connection, it should be stated that in our investigation of this question and the decided

cases affecting it we have found a case, viz., *Taylor* v. *Burk, Exr.* (1883), 91 Ind. 252, which seems to be out of harmony with the cases above cited. This case contains language which seemingly gives to the words "any decision," as used in said §2977, *supra,* a meaning that will permit appeals under such section from judgments not final within the meaning of §632 R. S. 1881 (being §671 Burns 1914). Several cases are cited, none of which support such announcement, but all of which are to the effect above indicated, viz., that appeals from cases governed by said decedent's act must be prosecuted in the manner and within the time provided by such act.

However, independent of said decisions, it seems to us that no good reason can be given for construing said §2977, *supra,* as authorizing appeals taken under said act in any case where the judgment sought to be appealed from was neither a final judgment within the meaning of §671 Burns 1914, *supra,* nor an interlocutory order from which an appeal is authorized by subdivisions 15, 16, 17 and 18 of §1392, *supra.*

Such was not the intent or purpose of said act. On the contrary, the purpose and intent of the legislature in the passage of said act, as before stated, was to provide a different method of appeal in cases of decisions growing out of any matter connected with the settlement of decedent's estates, where the decision sought to be appealed from was one that was appealable under the general practice acts, the main purpose of the act being to prevent delay in the settlement of decedents' estates. *Browning* v. *McCracken* (1884), 97 Ind. 279, 281; *Seward* v. *Clark, Admr.* (1879), 67 Ind. 289, 297; *Vail* v. *Page* (1910), 175 Ind. 126, 130, 93 N. E. 705; *Miller, Admr.,* v. *Carmichael* (1884), 98 Ind. 236.

The word *"decision"* used in said act was, no doubt, used advisedly instead of the word "judgment," but with no intent or purpose to authorize an appeal in any case where the judgment sought to be appealed from was neither final nor an interlocutory order from which an appeal was authorized under said general practice acts, but rather to authorize an appeal, either from a final judgment within the meaning of §671, *supra,* or from any interlocutory order from which an appeal is authorized by the general practice act, the word *"decision"* being used because it was broad enough to include both the final judgments and the interlocutory orders from which an appeal was authorized under such general practice acts.

To give to such work and said section of the decedent's act of which it is a part any other interpretation or meaning would be to say in effect that by such act the legislature intended to authorize any person aggrieved by any *ruling* growing out of a matter connected with a decedent's estate the right of appeal from such *ruling.* This is so because the word "decision" must have been used with reference to and meaning in effect final judgments and interlocutory orders from which an appeal would lie under the practice act, or otherwise it was used in the sense of "ruling," and hence would permit an appeal from any decision without regard to its finality, or the character of the order or ruling involved, whether interlocutory or otherwise, and hence, to a great extent, defeat the controlling purpose of said act indicated in numerous decisions, some of which we have cited, *supra,* in that such an interpretation would prevent the speedy closing up of estates, and embar-

rass the settlement thereof by delays resulting from appeals from interlocutory orders from which no appeal would lie under the acts governing the ordinary civil case.

By what we have said we do not mean to be understood as saying that the instant case is one from which no appeal should lie, but simply that §2977, *supra,* should be construed in the light of said sections of the civil procedure acts, *supra,* declaring what cases are appealable, and the interpretation placed thereon by the Supreme Court. Indeed, we think, as suggested in the original opinion, that the instant case is one in which an appeal should be authorized, but, if it is in fact an interlocutory order, it is not one of those from which an appeal is authorized by said subdivisions 15, 16, 17 or 18, §1392, *supra,* and legislative enactment would be necessary to put decisions like it within the appealable class.

We feel sure, also, that under the cases cited in the original opinion, to some of which we have called attention, *supra,* said decision is not a final judgment within the meaning of §671 Burns 1914, *supra,* as construed and interpreted by said decided cases. If said cases have placed too narrow a construction and interpretation on the character of the judgment that was intended to be included in the words "final judgment," as used in said §671, and such interpretation should be broadened so as to include cases like the one here involved, the duty and power to make such a change is in the Supreme Court. In neither case, as we view the law, does such duty or power rest in this court.

However, we deem it proper to suggest in this connection that, in our opinion, appellant is not without

a remedy under the existing law as interpreted by the decisions, *supra,* upon which this opinion is based. In other words, our holding that the decisions from which the appeal is prosecuted is neither a final judgment nor an interlocutory order of a kind from which an appeal is authorized by the sections of the statute, *supra,* does not necessarily mean that such decision is one from which the party against whom it is rendered has no remedy by way of appeal. On the contrary, such decision is a ruling or interlocutory order made upon the hearing of evidence preliminary to the approval of the final report and discharge of said administrator, upon which error may be predicated and taken advantage of on an appeal from the final judgment in such proceeding when rendered.

Said decision made necessary the filing of an amended final report by said administrator, and hence delayed the rendition of a final judgment until such amended report is filed. When this report is filed, a judgment approving it and adjudging that said estate has been fully and finally settled, and that such administrator be discharged, will be a final judgment within the meaning of §671, *supra,* and hence a judgment from which an appeal may be prosecuted. Appellants, or any party aggrieved by the preliminary ruling or decision from which this appeal is prosecuted, would have the thirty days fixed by §587 Burns 1914, Acts 1913 p. 848, from the date of such final judgment (or if the decision or finding, special or general, upon which such final judgment is rendered be made at a date preceding such judgment, then thirty days from such decision or finding) within which to file a motion for a new trial. As grounds for such motion appellant may include any ruling

affecting the decision from which this appeal is prosecuted that is properly presented by such a motion. If he obtains an adverse ruling on such motion, he may then appeal from the final judgment, in which case the time and manner of his appeal is controlled by §2977 *et seq., supra.* In such appeal he may then present to the appellate tribunal for review the ruling on his said motion for a new trial, as well as all other errors affecting such decision to which proper exceptions have been saved, provided, of course, that such rulings be presented in the manner and method recognized and approved by the decisions governing appellate procedure.

For these reasons, the petition for a rehearing and to reinstate this cause is overruled.

NOTE.—Reported in 114 N. E. 473, 115 N. E. 594.