GREATHOUSE ET AL. *v.* MCKINNEY.

[No. 27,781. Filed November 4, 1942.]

464

*Joseph K. Brown,* and *Cary D. Jacobs,* both of Indianapolis, for appellants.

*Jackiel W. Joseph,* and *Theodore R. Dann,* both of Indianapolis, for appellee.

SWAIM, J.—The appellant, Archie Greathouse, Jr., as administrator of the estate of Archie Greathouse, deceased, obtained an order from the Probate Court of Marion County, for the sale of certain real estae to pay debts, which order provided that the real estate should be sold subject to a certain mortgage lien. The sale, however, was made free and clear of said lien and the full amount of the purchase price, without deducting the amount of said lien, was paid to the administrator.

The appellee, who was the owner of said lien, filed a petition in said probate court, naming said Greathouse as administrator and as an individual and his two attorneys parties defendant, and alleging the above facts and also alleging that said administrator had failed and refused to account for, or pay to him, the amount of the proceeds of said sale which was subject to the pay-

ment of the petitioner's lien; that said administrator had petitioned the court for allowances of fees for his services and for the services of his attorneys; and that said administrator had paid such fees so allowed out of said fund which was subject to the said mortgage lien. The prayer of said petition asked that all orders entered in said estate, allowing fees to said administrator or his attorneys, or allowing expenses of sale of other real estate, be set aside; that said administrator and his attorneys be ordered to account for allowances paid to them, or in the alternative that a judgment be entered against said administrator, personally, and against said attorneys for the amounts paid to them as allowances; and that the petitioner have judgment against the administrator for $1,210.76, the amount of the balance of the proceeds of the sale of said real estate subject to the payment of said lien.

On this petition the court entered an order setting aside all orders theretofore entered in said estate for the payment of administrator's fees, attorneys' fees, premium on administrator's general bond and fees for abstracts of title. The order further provided that said Archie Greathouse, Jr., as administrator of said estate and in his individual capacity, be ordered and directed to file, on or before December 24, 1941, an amended report of the sale of said real estate and to show in said report the receipt of the purchase price of said real estate and the deposit, with the clerk of the probate court, of the amount of the purchase price less the amount paid on prior liens; and said order finally provided that in the event said Archie Greathouse, Jr., should fail to file such report by a certain date or should fail to deposit said sum with said clerk the appellee was authorized and directed to institute an action

against said Greathouse and his surety on the special bond filed in connection with the sale of said real estate.

This order was entered December 8, 1941. The appellants filed a motion for a new trial which was overruled March 6, 1942. The transcript of the record was filed in this court on June 3, 1942.

The appellee has entered his special appearance herein for the purpose of filing a motion to dismiss this appeal on the ground that the order appealed from does not constitute an appealable final judgment, but only an interlocutory order.

The appellants have not attempted to perfect the appeal as from an interlocutory order under § 2-3218, Burns' 1933, § 490, Baldwin's 1934. They did not file their assignment of errors and transcript "within thirty [30] days from the date of the interlocutory order appealed from." § 2-3219, Burns' 1933, § 491, Baldwin's 1934. The appellants insist, in their brief in opposition to the motion to dismiss, that the order in question constituted a final judgment from which a general appeal would lie.

To be appealable as a final judgment an order or judgment must be one which finally determines the rights of the parties in the suit, or in some distinct and definite branch of it, and which leaves no further question or direction for future determination by the court. *Zumpfe* v. *Piccadilly Realty Co.* (1938), 214 Ind. 282, 13 N. E. (2d) 715, 15 N. E. (2d) 362; *Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 44 N. E. 191; § 2-3201, Burns' 1933, § 471, Baldwin's 1934.

In *Leach, Gdn.* v. *Webb* (1916), 62 Ind. App. 693, 113 N. E. 311, and in *Fletcher Trust Co., Gdn.* v. *Hines, Admr.* (1937), 211 Ind. 111, 4 N. E. (2d) 562, it was held that an order directing a guardian to file an

amended report and to pay certain funds back into the trust did not constitute a final judgment. See also *Pfeiffer et al.* v. *Crane, Guardian* (1883), 89 Ind. 485. In *Stout* v. *Stout, Admr.* (1918), 68 Ind. App. 278, 114 N. E. 473, 131 N. E. 245, it was held that an order requiring an administrator to file an amended report was not a final judgment.

In the instant case the effect of the order appealed from was to annul the former orders of the court for allowances and to order the administrator to file an amended report of sale showing that he had brought back into the trust, and made subject to the further orders and directions of the court, the funds previously disbursed by the administrator pursuant to such orders for the allowance of fees. This did not constitute an appealable final judgment.

In *Wood* v. *Wood et al.* (1875), 51 Ind. 141, it was held that a judgment setting aside an order for the distribution of the surplus of a decedent's estate was not a final judgment from which an appeal would lie. The court there said that such an order amounted to "merely granting a rehearing on the order of distribution."

It is true that the order here in question involved a matter growing out of a decedent's estate and if an appeal would lie it would have to be prosecuted under §§ 6-2001 and 6-2002, Burns' 1933, §§ 3277 and 3278, Baldwin's 1934. In *Stout* v. *Stout, Admr., supra,* however, the court held that the "decisions" which could be appealed under the provisions of § 6-2001, Burns' 1933, § 3277, Baldwin's 1934, were only such final judgments as could be appealed under § 671, Burns' 1914 (§ 2-3201, Burns' 1933, § 471, Baldwin's 1934), or such interlocutory orders as were described in subdivisions 15, 16, 17 and 18 of § 1392, Burns' 1914

(§ 2-3218, Burns' 1933, § 490, Baldwin's 1934). This was also held in *Thiebaud* v. *Dufour* (1877), 57 Ind. 598.

If the order here in question could be considered as an interlocutory order for the payment of money, and appealable under the provisions of § 6-2001 and § 6-2002, Burns' 1933, § 3277 and § 3278, Baldwin's 1934, the appeal would have to be perfected pursuant to the provisions of said sections which provide that the party considering himself aggrieved may appeal upon filing "a bond with penalty in double the sum in controversy"; and that such appeal bond shall be filed within thirty days after the decision complained of, unless an extension of time is granted by the court to which the appeal is prayed.

The record in this case does not show the filing of an appeal bond as required by these sections of said statute. Appellants insist that the order appealed from is a final judgment and not an interlocutory order and that, therefore, "the question of a bond is not important." The statute in question, however, requires a bond whether the decision appealed from be a final judgment or an interlocutory order.

The appellants also contend that since Archie Greathouse, Jr., as administrator, is named as one of the appellants an appeal bond is not necessary under the provisions of § 2-3217, Burns' 1933, § 489, Baldwin's 1934, which provide that an administrator may have an appeal and stay of proceedings without giving a bond. Section 6-2003, Burns' 1933, § 3280, Baldwin's 1934, also provides for an appeal by an administrator without bond. It has been held that these statutes permit an appeal by an administrator without a bond only where the appeal is in the interest of the estate. *Case, Admr.* v. *Nelson* (1898), 22 Ind.

App. 22, 52 N. E. 176; Vol. I, Henry's Probate Law
(4th Ed.), § 518, p. 666.

Where, as here, the decision is actually against the
individual and in favor of the estate, a bond is neces-
sary even though the individual in his represent-
ative capacity be named as an appellant. In
such an appeal the individual is actually repre-
senting himself and not the estate.

Since this appeal is from an interlocutory order which
was in favor of the estate and against the individual
who was acting as administrator, and inasmuch as it
has not been perfected under any applicable statute, it
must be dismissed.

The appeal is dismissed.

NOTE.—Reported in 44 N. E. (2d) 344.