IN RE HEINEMAN'S ESTATE
HAMLING, EXECUTOR, ET AL. *v.* BAUMAN ET AL.

[No. 18,242. Filed October 19, 1951. Rehearing denied February 28, 1952. Transfer denied April 7, 1952.]

*Wallace & Wallace,* of Covington, and *Wilbur D. Smith,* of Attica, for appellants.

*Ringer & Ringer,* of Williamsport, and *White & White,* of Covington, for appellees.

MARTIN, C. J.—The appeal in this case is from an order disapproving and setting aside a report of the executor and requiring the executor to file an amended report within sixty days from the date of said order, amending said report in conformity with the special findings of fact and conclusions of law filed by the court. The executor has not filed his amended final report in

conformity with the special findings of fact and conclusions of the court. This order was entered April 30, 1951.

The appellants filed a motion for a new trial, which motion was overruled.

The transcript of the record was filed in this court July 25, 1951.

The appellees have entered their special appearance herein for the purpose of filing a motion to dismiss this appeal on the ground that the order appealed from does not constitute an appealable final judgment; that this appeal was not taken nor perfected as an interlocutory appeal; that the transcript and assignment of errors was filed more than thirty days after the date of said order and the brief of the appellants was not filed more than ten days after submission of the appeal.

The appellants have not attempted to perfect the appeal as from an interlocutory order under §2-3218, Burns' 1946 Replacement. They did not file their assignment of errors and transcript within thirty days from the date of the order appealed from. Burns' 1946 Replacement, §2-3219. The appellants insist, in their brief in opposition to the motion to dismiss, that the order in question constituted a final judgment from which an appeal would lie under §6-1401, Burns' 1933 (1951 Supp.). Under this section an appeal will lie as in final judgments. This section does not authorize an appeal to be taken midway in the hearing upon a final report prior to the entry of the court's final judgment. There is no judgment rendered by the court until the executor files his amended final report in conformity with the court's ruling, and that amended final report is approved by the court.

In the case of *Shuey* v. *Lambert* (1913), 53 Ind. App. 567, 102 N. E. 150, the court said:

"Where exceptions are filed to a final report of an executor, and upon trial of the issues so joined, some of the exceptions are sustained, and the executor ordered to amend his report in accordance with the finding of the court, which he does, and the court thereupon approves the report, it has been held that such amended report filed in obedience to the order of the court after trial of the exceptions, is not filed in the sense of an amended pleading, *and that the report as amended and approved in such case, is in fact the judgment of the court.*" (Our italics.)

To appeal as a final judgment an order or judgment must be one which finally determines the rights of the parties in the suit, or in some distinct and definite branch thereof, and which leaves no further question or direction for future determination by the court. *Greathouse* v. *McKinney* (1942), 220 Ind. 462, 44 N. E. 2d 344; *Zumpfe* v. *Piccadilly Realty Co.* (1938), 214 Ind. 282, 13 N. E. 2d 715, 15 N. E. 2d 362; *Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 44 N. E. 191; Burns' 1946 Replacement, §2-3201.

In the case of *Leach* v. *Webb* (1916), 62 Ind. App. 693, 113 N. E. 311, and also in the case of *Fletcher Trust Co., Gdn.* v. *Hines, Admr.* (1937), 211 Ind. 111, 4 N. E. 2d 562, it was held that an order directing a guardian to file an amended report and to pay certain funds back into the trust did not constitute a final judgment. See also, *Pfeiffer et al.* v. *Crane, Guardian* (1883), 89 Ind. 485.

In the case of *Stout* v. *Stout, Admr.* (1918), 68 Ind. App. 278, 114 N. E. 473, 131 N. E. 245, it was held that an order requiring an administrator to file an amended report was not a final judgment. See also, *In re Kaelin's Estate* v. *Hall* (1938), 104 Ind. App. 538, 12 N. E. 2d

373; *In re Moss's Estate* v. *Lewis* (1938), 104 Ind. App. 567, 12 N. E. 2d 373.

It is apparent that the order appealed from is not a final judgment within the meaning of the statute and does not fall within the provisions of Rule 2-3 of the Rules of the Supreme Court of Indiana. *Oertling* v. *Oertling* (1948), 226 Ind. 146, 78 N. E. 2d 546.

For the above reasons the appeal is dismissed.

NOTE.—Reported in 101 N. E. 2d 194.