## ANGEVINE, ADMINISTRATOR, *v.* WARD, GUARDIAN.

GUARDIANSHIP.—*Final Settlement.*—*Judgment.*—*Appeal.*—To authorize an appeal from the final settlement of a guardianship, such settlement must be of such a nature as to fully discharge the guardian from his trust and all duties in regard thereto, and leave nothing to be done by him in his fiduciary capacity.

SAME.—*Bill of Exceptions.*—*Practice.*—*Supreme Court.*—*Record.*—Written exceptions to the reports of a guardian, and oral evidence adduced upon the hearing thereof, can only be made parts of the record by a bill of exceptions.

From the Dearborn Circuit Court.

*R. Gregg, J. D. Parks, F. Adkinson* and *G. M. Roberts,* for appellant.

*O. B. Liddell,* for appellee.

NIBLACK, J.—During or about the year 1869, Isaac B. Ward was appointed, by the Court of Common Pleas of Dearborn county, guardian of the person and estate of James Angevine, a person of unsound mind. The said Ward, from time to time, made reports of the condition of the said Angevine's estate in his hands, to portions of which James A. Angevine, a son of the said James Angevine, filed exceptions. In July, 1874, the said James Angevine

died, and administration on his estate was granted to his said son, James A. Angevine.

At the April term, 1875, of the court below, the said Ward submitted what purported to be his final report as such guardian, and the said James A. Angevine, in his said capacity as administrator, filed exceptions to said final report, as well as to all previous reports.

After considering the various questions arising upon such reports and exceptions, the court, at the November term, 1875, made the following order :

" Now, at this time, comes said guardian, and also comes James A. Angevine, administrator of the estate of James Angevine, deceased, and the matter of exceptions to the reports of said guardian being fully considered, and, after evidence being heard, the court permitted said guardian to amend his last report by the addition of certain items, and after said amendment said reports are in all things approved, and the exceptions of said administrator are not sustained ; and the court finds that said administrator has received from said guardian all the personal property in his hands, and for which he was accountable, excepting one feather bed and two pillows, seven comforts and blankets and one looking-glass, and that, by said report, there is now a balance of twenty-five dollars and eight cents, on the payment of which sum and the transfer of said personal property to said administrator, subject to the payment of all costs and expenses hereafter accruing, said guardian is fully discharged from his trust, and said guardian files with said reports receipts for all government bonds belonging to said estate and all silverware and watches directed to be transferred to said administrator, and said guardian also files the receipt of James A. Angevine for the sum of $873.09, which includes and shows that he has fully paid all sums to which exceptions were sustained by decree in this matter of March 23d, 1875, as shown on pages 352 to 354 of Probate Order Book No. 9.

"And the said administrator excepts and objects to the rulings of the court herein, and is granted thirty days to make and file his bill of exceptions, and· he prays an appeal to the Supreme Court."

The said James A. Angevine, as administrator as above stated, and as appellant in this court, has assigned various errors upon the order of the court below, above set out, upon the theory that such order operated as a final settlement of the appellee's guardianship, and as a final discharge of the appellee therefrom.

Certain papers, purporting to be exceptions to the several reports made in this proceeding in the court below, are copied into the record. Certain verbal statements, in the form of oral testimony given by witnesses, are also copied into the record. But none of these papers or verbal statements were made a part of the record by any bill of exceptions, or by any order of court. They do not, therefore, constitute any part of the record, and are not before us for any purpose connected with this appeal.

A bill of exceptions was prepared and filed by the appellant, within the time limited by the court as above, but it did not include, or in any manner refer to, the exceptions and oral testimony copied into the record as above stated.

No question is, consequently, presented to us upon any of the supposed exceptions to the several reports submitted by the appellee, or upon any of the proceedings upon such supposed exceptions.

But it is insisted that the order of court, set out as above in this opinion, was not at all events a proper order of final settlement of the appellee's guardianship ; that it operated as a premature discharge of the appellee from such guardianship, and that for these reasons, if for no other, it was erroneous.

In the case of *Dufour* v. *Dufour*, 28 Ind. 421, this

court, in passing upon the question of what constitutes a final settlement of a decedent's estate, which we regard as entirely analogous to the final settlement of a guardianship, says: "By the words 'final settlement,' as used in section 116 of the act, which it is there declared shall not be re-opened except by appeal, or for fraud or mistake, we do not understand the mere ascertainment of the final balance of cash in the hands of an executor or administrator. We think that a payment of that balance is also included, so that nothing shall remain to be done by him in his fiduciary capacity, and he may be fully discharged from his trusts, as having completely performed them."

The order complained of impresses us as being an informal and imperfect order. It does not state any account with the appellee, and does not definitely refer to the items in the appellee's accounts intended to be either allowed or disallowed by it. But we are of the opinion that it was not in any proper sense an order of final settlement of the guardianship, and that it did not, in legal effect, discharge the appellee from such guardianship. By its terms, further duties in regard to his trust were devolved upon the appellee. If no further order has been made in the premises, the guardianship is still open and under the control of the court below.

For these reasons, we have come to the conclusion that the order under consideration did not constitute such a final judgment as authorized an appeal from it to this court, under section 550 of the code, and that the appeal will, in consequence, have to be dismissed. 2 R. S. 1876, p. 238.

The appeal is dismissed, at the costs of the appellant.