## Lunacy of Peter Raeder.    J. A. Raeder's Appeal.

*Statute of limitations—Lunacy.*

The allowance of a claim barred by the statute of limitations, against the estate of a lunatic, by an auditor appointed to audit one of the triennial accounts of the committee of the lunatic, does not toll the bar of the statute of limitations, and will not preclude an inquiry into the validity of the claim in an action at law against the lunatic after being restored to reason, or in the distribution of the fund in the committee's hands as shown by his final account.

Argued April 15, 1895.   Appeal, No. 27, July T., 1894, by J. A. Raeder, from order of C. P. Luzerne Co., May T., 1884, No. 472, sustaining exceptions to report of auditor. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCH-ELL, JJ.   Affirmed.

Exceptions to auditor's report.

The auditor, A. C. Campbell, Esq., reported the facts to be as follows :

" In proceedings No. 472, May term, 1884, Peter Raeder, on May 12, 1884, was declared, by the court of common pleas of Luzerne county, a lunatic, and on May 24, 1884, Peter Seible

and Chas. H. Gardner, were appointed a committee of said Peter Raeder, lunatic.

" On Oct. 6, 1890, Chas. H. Gardner, surviving committee, filed his first and partial account, which, on the same day, was confirmed nisi, and referred to an auditor for examination, and for the purpose of making distribution of the fund in the hands of the accountant among the persons legally entitled thereto.

" At said audit there were presented and allowed (inter alia) the following claims :

| | |
|---|---|
| M. Norton . . . . . . . . | $41 10 |
| Reynolds & Reynolds . . . . . | 69 67 |
| E. H. Butler & Co. . . . . . . | 63 09 |

and a promissory note, bearing date Oct. 15, 1879, drawn to J. A. Raeder or order by Peter Raeder for $648.

" A distribution was made to the said claims and the account of the accountant was confirmed absolutely Dec. 20, 1890, and the report of audit was confirmed nisi Dec. 15, 1890, and absolutely Dec. 20. 1890, in accordance with the rule of court.

" On the 18th of March, 1893, the second and final account of Chas. H. Gardner, surviving committee, was filed and, by agreement, confirmed absolutely, and A. C. Campbell was appointed auditor to make distribution of the baiance in the hands of the accountant.

" The report of audit of the first account was offered in evidence to prove the claims heretofore referred to. Objection to the claim of J. A. Raeder was made ' for the reason that the claim had been barred by the statute of limitations, more than six years having elapsed since the claim was due, and that the allowance of the claim without objection on the part of the committee at the former audit did not prevent the running of the statute or revive the debt.' On Oct. 13, 1892, by a decree of court, Peter Raeder was declared sane, and the commission, inquisition and appointment of committee was superseded."

The auditor, citing Reber's App., 125 Pa. 20, and Light's App., 136 Pa. 211, found as follows :

" No objection having been made by the committee to the claim of J. A. Raeder at the first audit, Peter Raeder is concluded by the decree of the court. Inasmuch as, in contemplation of law, Peter Raeder was present at said audit, and did not raise the question of the statute of limitations, he is estopped

from objecting to the claim now, there being no evidence of fraud or mistake."

Exceptions to the auditor's report were sustained by the court, RICE, P. J., filing the following opinion :

"At the time of the audit of the partial account of the committee, in 1890, the note in question had been barred by the statute of limitations for more than two years. It was not in the power of the committee to remove the bar of the statute by a new promise ; hence his mere failure to object to the allowance of the claim, and his payment of the amount allowed upon it by the auditor could not have that effect either upon the ground of an implied reassumption or of estoppel. But it is argued that the confirmation of the report was a conclusive adjudication of the liability of his ward. In Reber's App., 125 Pa. 20, it was held that the adjudication and allowance of a claim in the distribution of a decedent's estate by an auditor, followed by a decree of the orphans' court confirming the auditor's report, is as effective to toll the bar of the statute of limitations as would be a judgment at law, and in such case the statute is inoperative. On the other hand it was held in Light's Est., 136 Pa. 211, that the allowance of a dividend upon a debt by a decree of the court of common pleas, distributing funds of an assigned estate, would not toll the statute. Speaking of Reber's Appeal, Justice CLARK said that in a distribution in the orphans' court the adjudication is against the administrator or executor, as the legal representative of the decedent, whilst, in the case of a distribution of an assigned estate, the adjudication is against a particular fund only.

"We conclude that there would be very strong analogy between this case and Reber's Appeal if the distribution had been of a balance in the committee's hands as shown by his final account. But we are unable to conclude that a distribution of a balance in his hands as shown by a triennial statement of his management of the estate is conclusive. These statements, like the triennial statements filed by guardians, are merely for the information of the court, and the inspection of all parties concerned. Upon the determination of the trust the committee is required to settle in the prothonotary's office a full and complete account of his management of the property under his care, including all the items embraced in every preceding settlement.

" It has been held with regard to guardian's triennial statements that they are not the subjects of settlement and confirmation: Yeager's App., 34 Pa. 174; Foltz's App., 55 Pa. 428; and that they are not conclusive upon the ward, though they go through that form: Douglas's App., 82 Pa. 169; Walls's App., 104 Pa. 14; Bowman v. Herr's Exrs., 1 P. & W. 282. These rulings are applicable to the statement called a partial account, filed by the commissioner, and the action of the court thereon.

" We are not to be understood as saying that the confirmation of the auditor's report was a nullity.  The 20th section of the act of June 13, 1836, P. L. 597, makes it the duty of the committee to apply so much of the income of the estate as shall be necessary to the payment of debts, the support of the lunatic and of his family, and for the education of his minor children. The next section provides that if the income of the estate shall not be sufficient for the purposes aforesaid it shall be lawful . for the committee, under the direction of the court, to apply so much of the principal of the personal estate as shall be necessary for the purpose.  Possibly the jurisdiction of the court to make distribution of the fund in the committee's hands as shown by his partial account might be sustained under this section, but, even if this be so, it did not extend beyond the particular fund. It may be conceded, for the present purpose, that the confirmation of the auditor's report was so far conclusive as to protect the committee in the payment of the sums awarded the different claimants, but we do not think it can be treated as having the same effect as a judgment in an action at law upon the claim, upon final settlement of the estate.

" In Guenther's App., 4 W. N. C. 41, it appeared that the executors had filed a partial account, showing a fund in their hands.  On the distribution thereof Lina Guenther claimed her mother's share, under the will of the testator.  The auditor allowed the claim.  No exception was filed to the report, and it was confirmed.  Payments in pursuance thereof were made to her for several years.  On the distribution of the funds subsequently acquired by the executors, the conclusiveness of the former decree of distribution was the direct question.  She claimed it was conclusive of her right to share in the proceeds. The court below held otherwise, and excluded her claim.  On

appeal the Supreme Court affirmed the decree and said, 'the prior decree of the orphans' court was conclusive only as to the fund then distributed.' This ruling was followed in Kline's App., 86 Pa. 363; and the principle of the decision was recognized in Townsend's App., 106 Pa. 268–274, and Grim's App., 109 Pa. 391–397. Following these decisions, and having regard to the purpose for which these triennial statements are filed, we conclude that while the confirmation of the auditor's report may have been so far conclusive as to protect the commissioner in the payment of the sums awarded the different claimants, it was not such an adjudication as would preclude inquiry into the validity of the claim in an action at law against the ward after being restored to reason, or in a distribution of the fund in the committee's hands as shown by his final account.

"Now, March 16, 1894, the exceptions of Peter Raeder are sustained, and it is ordered and decreed that the balance, after paying the costs of audit and of the claims in full of debt, interest and costs of M. Norton, Reynolds & Reynolds, and E. H. Butler & Co., be paid to Peter Raeder, the exceptant."

*Error assigned* was above order.

*George K. Powell*, for appellant, cited: Light's App., 136 Pa. 211; Reber's App., 125 Pa. 20; Guenther's App., 4 W. N. C. 41; act of June 13, 1836, P. L. 596; Wright's App., 8 Pa. 57.

*Q. A. Gates, S. J. Strauss* with him, for appellee.

PER CURIAM, April 29, 1895:

There appears to be nothing in this record that would justify us in sustaining either of the specifications of error. The questions therein presented are sufficiently answered by the learned president of the common pleas in his opinion sustaining exceptions to the auditor's report.

On that opinion the decree is affirmed and appeal dismissed with costs to be paid by appellant.