# Peters's Estate.

*Guardian and ward—Guardian's account filed during minority—*
*Maintenance of minor—Order of court.*

An account of a guardian, filed during the minority of his ward, is not conclusive upon the ward, even though it goes through the form of settlement, and confirmation. The fact that during his ward's minority a guardian filed an account in the register's office, which was afterwards confirmed in the orphans' court, does not relieve him of the duty of filing a final account upon the arrival of the ward at his majority.

An order of court, authorizing the expenditure of certain sums for the maintenance of a ward, does not relieve the guardian from the duty of seeing that the money is spent for the purpose designated. He cannot justify the expenditure by citing the order of the court, when it appears that the maintenance was not furnished.

Argued October 29, 1919. Appeal, No. 1, Oct. T., 1919, by Edwin M. Amies, Guardian, from the decree of O. C. Blair County, No. 239½, 1918, overruling exceptions to auditor's report in the estate of Cora D. Peters, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Exceptions to auditor's report. Before BALDRIGE, P. J.

530, (1920).] Assignment of Error—Opinion of the Court.

The opinion of the Superior Court states the case. The court dismissed the exceptions.

*Error assigned* was the order of the court.

*Thomas H. Greevy,* and with him *Edwin M. Amies,* for appellant.—The court had no power to revoke its order: Sloan's Est., 254 Pa. 346; Shappell's Est., 264 Pa. 486; Yeager's App., 34 Pa. 173.

*R. A. Henderson,* for appellee.—The account filed by the guardian was not conclusive upon the ward: Douglas's App., 82 Pa. 169; Moran's Est, 8 Dist. Rep. 315; Rebecca Walls's App., 104 Pa. 14.

OPINION BY TREXLER, J., February 28, 1920:

Edwin M. Amies, guardian of Arthur D. Bressler, on April 1, 1907, presented his petition to the orphans' court praying for leave to pay to the stepfather of his ward the sum of four dollars per month for the use, maintenance and education of said minor, the stepfather not being of sufficient ability to maintain said minor, and the court thereupon made an order authorizing said expenditure in accordance with the prayer of the petitioner. On December 6, 1909, the ward still being a minor, the guardian filed what purported to be his first and final account showing the expenditure made under the order of court, and the account was confirmed absolutely. When the ward attained his majority, he filed a petition in the nature of a bill of review asking that the order of court authorizing the payments for the ward be revoked, and that the court order the guardian's account to be opened. The court refused to open the account, very properly taking the position that the account filed during the minority of the ward even though it went through to the form of settlement and confirmation must be regarded as merely a partial account: Douglas's App., 82 Pa. 169; Walls's App., 104 Pa. 14; Raeder's

App., 167 Pa. 597. We may state in passing that this is not true of the successive accounts of executors and administrators for there the parties to such disputes as have arisen have had their day in court: Kellerman's App., 242 Pa. 3. The cases cited by appellant which refer to such accounts have no application to guardian accounts.

The court held that the proper procedure was to cite the guardian to file his final account. A citation being issued it was agreed that the account filed should be considered as the final account subject to exceptions to be filed within thirty days. Upon these being filed the matters involved were referred to an auditor. The court in the meanwhile revoked the order authorizing the expenditures for the ward's maintenance. The auditor found that the stepfather did not support the minor but that the latter resided with his grandfather.

The appellant's counsel strenuously argues that the court had no power to revoke its order, that it is concededly within the equitable powers of the orphans' court to change its orders but not when other rights have intervened or where in reliance upon such orders expenditures have been made, citing Sloan's Est., 254 Pa. 346; Chappell's Est., 264 Pa. 486.

We do not regard the revocation of the order to pay for the support of the minor as essential to appellant's case. The order was not a positive direction on the guardian to pay under all circumstances. The consideration for the payment was stated in the petition and order. The consideration failing, the order was not effective. Certainly had the ward died, the payments, would stop. The order gives authority to pay for a certain purpose. It is not for the payment of the money at once and in one sum but is based upon the assumption that the conditions alleged in the petition as existing and which were the basis of the order would continue. The guardian could not justify the expenditure by citing the order of court when it appeared that maintenance

was not furnished. It was his duty to see that the money was paid for the purpose designated. We cannot accede to the proposition that having the direction of the court to pay, the guardian was relieved of the obligation of seeing that the money went for the objects designated in the order.

All the assignments of error are dismissed and the decree is affirmed at the cost of the appellant.