No. 31,781

In re the Estate of Wilhelm Braun, Deceased. (THE STATE OF KANSAS, *Appellant*, v. BERNHARD BRAUN et al., *Appellees*.)

(34 P. 2d 94.)

Opinion filed July 7, 1934.

*Roland Boynton,* attorney-general, and *Walter T. Griffin,* assistant attorney-general, for the appellant; *Harold Payne,* of Kinsley, of counsel.

*Carl Van Riper,* of Dodge City, and *A. L. Moffat,* of Kinsley, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal is by the state from an order of the district court in effect affirming the ruling of the probate court in determining that seven certain persons, by name, were the heirs of the intestate whose estate was being administered, without setting aside the earlier ruling made by and in the probate court finding that the intestate had died without heirs, and directing that the net proceeds of the personal property in the hands of the administrator in the sum of $5,130.48, as shown by the final report of the administrator, be paid to the county treasurer for the benefit of the permanent school fund of the state of Kansas. This part of the proceeding was commenced by six of these claimants filing a petition and an amended petition in the case pending in the probate court. The petition was supported by evidence tending to show they were nieces and nephews, and was opposed by the state and the administrator, and the probate court held them to be heirs of the deceased. The state appealed the case to the district court where the same decision was rendered, except by adding one more heir, and from that judgment this appeal is taken by the state.

The deceased, Wilhelm Braun, died intestate in Edwards county on December 20, 1925. An administrator was appointed on January 2, 1926. This administrator resigned January 14, 1928, and Harold Payne was at once appointed and qualified as administrator *de bonis non.* On June 24, 1929, the administrator filed his final report, and three days later published his notice of final settlement to be made

on July 27, 1929. On July 27, 1929, the record shows his final report was approved, the court finding that Wilhelm Braun "died intestate and without heirs," and that the residue of the funds in the hands of the administrator in the sum of $5,130.48 should be paid to the county treasurer of Edwards county for the benefit of the permanent school fund of the state of Kansas. The record shows this was done by the administrator, and the receipt of the county treasurer was filed in the office of the probate court.

The first petition was filed by these claimants on July 26, 1930, or one day less than one year after the finding, order and distribution was made by the probate court, and the amended petition was filed February 13, 1932, about a year and a half later.

Appellant urges that it was error for the district court to entirely ignore and disregard the former order made by the probate court finding the intestate died without heirs, which appellant claims was a final order and never set aside, and carried with it the distribution of the funds. Appellant also claims this is a collateral attack upon a final judgment. If the first order made by the probate court was a final order or judgment, we would have no difficulty in approving and concurring in the logical argument of the appellant supported by very convincing decisions. But we cannot agree with the assertion that the order of the probate court made on July 27, 1929, was a final order or judgment as contemplated by R. S. 60-3007, 60-3008 and 60-3016, cited by appellant. It was more nearly like an interlocutory order affecting only the proceeds of the personal property belonging to the estate. The administrator was not discharged, but specifically continued with a bond reduced in amount, and the estate was not closed but continued and held open, as a part of the same order. The last two paragraphs of the order in question are as follows:

"And it is by the court further considered, ordered and adjudged that upon the filing of the receipts of the aforesaid distributees for the several sums ordered to be paid to them that the liability of the principal and surety on the bond of Harold Payne, as administrator d. b. n. of said estate, be reduced to the sum of $1,000.

"And it is by the court further considered, ordered and adjudged that said estate be not closed at this time, but that the same be continued and held open for the purpose of further proceedings herein in relation to the sale of real estate owned by the said Wilhelm Braun at the date of his death."

R. S. 22-904 is the section which provides for the probate court

determining who are the heirs, and it can only be done on the hearing of the final settlement. R. S. 22-906 provides that the probate court shall make final settlement "if it appear to the court that such notice was duly published, and that the estate of the deceased has been fully administered." In *Harvester Co. v. Algie*, 101 Kan. 654, 168 Pac. 876, it was said:

"Final settlement of the estate of a deceased person is not to be made until the estate is fully administered, and the administrator should not be discharged or released until his trust has been fully performed and he has accounted for and paid out all the moneys received by him, as the law requires." (Syl. ¶ 1.)

"A final settlement is a direct adjudication that the estate is fully administered, that the administrator has completely executed his trust and has accounted for all moneys received, as the law requires; and it is final and conclusive unless appealed from." (p. 657.)

The journal entry itself prevents the order of the probate court from being a final settlement, and, of course, it was not a final settlement, nor a final order or judgment. It is easy to see how one might readily think of it as a final settlement. If the intestate had well-known heirs about whose rights as such there was no dispute or question, it would be a final settlement, as the administrator had, as shown by his final report, paid all the debts out of the personal property and had a definite balance left for distribution, and his services would be needed no further as the title to the real estate had vested in the well-known heirs. Now just because there were no known heirs when he made his settlement, and the real estate remained to be sold and disposed of, the settlement was not final.

Appellant relies especially upon the case of *Christianson v. King County*, 239 U. S. 356, because the court of last resort held the settlement in the probate court of the state of Washington, finding no heirs and turning the proceeds of the land over to the county, from which judgment no appeal was taken, to be a final judgment. In that case the intestate died in the territory of Washington in 1865. The settlement of the estate, including the proceeds of the real estate, was made in 1869 when the only requirement was that the administrator might at any time after settlement of accounts and upon appropriate notice make application to the probate court for distribution of the funds and his discharge as administrator. This order was made directing the payment of this fund to the county because there were no heirs. Forty-two years thereafter this action was commenced in the federal court by one claiming to be

an heir to set this ruling aside, and it was held to be a final judgment.

Appellant also cites *In re Apostolopoulos' Estate*, 68 Utah 344. There the statute provides that if no one appears within five years after decedent's death to claim succession to the property it shall escheat to the state. The final settlement, including all the property, was made by the administrator in a little more than a year after the death of the intestate, and the probate court approved it and made distribution of the residue of the estate to the state of Utah. More than five years after the death of the intestate claimants commenced proceedings in the district court to recover the residue, and they were denied such right because of the statutory limit of time. To apply this ruling to the case at bar, it would be the same as if, after the farm had been sold and all the funds of the estate turned over to the county treasurer under order of the probate court, claimants had come in more than twenty-one years after such payment had been made. Of course the claimant was too late, and the opinion recognizes the judgment as being final.

There is some discussion in the briefs as to the provision of our law under which this personal property would finally escheat to the state of Kansas. It is suggested that R. S. 22-933 to 22-935 relate only to funds derived from the sale of real estate, and that R. S. 22-932 relates to funds distributed to heirs, next of kin, or legatees which they fail to call for within a year. But appellant insists that section 3 of article 6 of the constitution is self-executing where it lists among the proceeds of the school fund "all estates of persons dying without heir or will." It is hard to concur in this self-executing theory when the several legislatures of the state have, from the very beginning to the present time, deemed it necessary to put on our statute books rules and regulations as to the process and requirements under which these funds, or most of them, are to be handled. This means of executing the constitutional provision by legislative provisions is recognized in the recent case of *State, ex rel., v. Rector*, 134 Kan. 685, 8 P. 2d 323, although it is there stated that other means and provisions may be used for the same or similar purpose, that being an action by the state of Kansas to contest a supposed will. (See, also, *First Colored Baptist Church v. Caldwell*, 138 Kan. 581, 27 P. 2d 237.)

Appellant assigns error in the trial court overruling its motions to dismiss, to strike from the files, to modify its judgment and to

grant a new trial. Each of these motions depend to some extent upon the theory of appellant herein first considered, that the order of the probate court of July 27, 1929, was a final judgment, and we therefore think there was no error in overruling these motions.

In the reply brief mention is made of another claimant who has filed proceedings since this appeal was taken, and a reference to the same is contained in the brief of an *amicus curiæ*, but such, however important it may be to this new claimant as well as the earlier claimants to whom beneficiary certificates have been ordered issued, is not a matter that can be cared for on appeal, the trial court not having considered it. Besides, there remain, even yet, about sixteen years for claimants to assert their rights to the proceeds of this estate.

The judgment is affirmed.