No. 34,914

THE STATE OF KANSAS, ex rel. JAY S. PARKER, Attorney General, *Plaintiff,* v. STATE SCHOOL FUND COMMISSION and GEORGE L. MC-CLENNY, State Superintendent of Public Instruction, FRANK J. RYAN, Secretary of State, and JAY S. PARKER, Attorney General, as Members, etc., *Defendants.*

(103 P. 2d 801)

Opinion filed July 6, 1940.

*Jay S. Parker,* attorney general, *A. B. Mitchell* and *Eldon Wallingford,* assistant attorneys general, for the plaintiff.

*Morton B. Cole* and *E. V. Bruce,* assistant attorneys general, for the defendants.

*Jay S. Parker,* attorney general, *pro se.*

*Vincent F. Hiebsch* and *K. W. Pringle,* both of Wichita, as *amici curiae.*

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in mandamus and for a declaratory judgment to have adjudged valid, and to construe, chapter 92, Laws 1939, and to require defendant to accept refunding bonds of various taxing subdivisions of the state, or the proceeds from the sale of such bonds, in lieu of, or in payment of, bonds of such taxing subdivisions now held by defendant and which are not due.

The defendant State School Fund Commission is created by our constitution (art. 6, § 9) "for the management and investment of the school funds," which consist, primarily, of the state permanent school fund accumulated under the provisions of our constitution (art. 6, § 3). This is "a perpetual school fund, which shall not be diminished," and the income from which "shall be inviolably appropriated to the support of common schools." These constitutional provisions are not altogether self-executing. (*State v. Braun,* 140 Kan. 188, 192, 34 P. 2d 94.) Supplementing these constitutional provisions our legislature (G. S. 1935, 75-2305) has empowered and made it the duty of the defendant commission to invest any moneys belonging to the permanent school funds, State Agricultural College, State Normal and State University funds, in bonds of the United States, or of the state of Kansas, or of any municipality, school district, or board of education of the state, or in warrants issued by the auditor of the state on the treasurer, and by him stamped "not paid for want of funds," the investment to be at a price not more than par value of the bonds or warrants purchased. And G. S. 1935, 75-2312, requires the officers of the several municipalities of this state, who have the charge of the sale of any bonds which defendant is authorized to purchase, to sell such bonds to defendant, if it will pay par for the same. In the motion for the writ it is alleged that defendant under these statutes has invested about nine million dollars in bonds of the taxing subdivisions of the state, which bonds it now owns and holds.

The legislature also has enacted the following statutes pertinent to the present inquiry:

"That whenever any special or any other school district within the state of Kansas shall have in its treasury any available fund or funds and any such district shall have outstanding bonds of said district maturing on a certain date over a period of years, the board of education or the district board of any such school district is hereby authorized and empowered to use the moneys in such available fund of any such school district for the purpose of paying off and retiring any or all of said outstanding bonds, regardless of the date of their maturity. In addition to the payment of the accrued interest upon said bonds, said board of education or district board may, in its discretion, pay not to exceed two percent of the face of said bonds additional, if necessary, in order to retire such bonds prior to maturity." (G. S. 1935, 72-2010.)

"If at any time any board of education, school district, township, county or city of any class shall have accumulated in the treasury sinking fund sufficient to pay in full any bond or bonds issued by such board of education, school district, township, county or city of any class before the maturity, the state permanent school fund, state normal school fund, or the university permanent school fund, or agricultural college endowment fund being the holders thereof, such board of education, school district, township, county or city of any class may pay the same to the state treasurer at the time any interest coupon is due, and take up such bond or bonds; and the state treasurer is hereby authorized to receive the same and cancel such bond or bonds and the unmatured coupons attached thereto, and deliver the same so canceled to the officer paying the amount: *Provided,* That the state treasurer, before delivering said bond or bonds, shall present the same to the auditor of state, together with a statement showing the amount of coupons upon which no moneys have been received, and upon examining such statement, and comparing with the coupons attached to such bond or bonds, the auditor shall credit the treasurer with the amounts shown to be canceled before maturity." (G. S. 1935, 72-2210.)

No question is raised here as to the validity of any of the above statutory provisions.

The pertinent section of the act here in question reads:

"Every municipality of the state of Kansas is hereby authorized and empowered to take up and refund any outstanding bonded indebtedness of such municipality in default in payment of principal or interest on or before June 15, 1938, or which will be matured prior to September 1, 1943, including any maturing interest thereon and including any judgment or judgments upon any such indebtedness, and other awards established against such municipality, and to issue in lieu thereof the negotiable refunding bonds of such municipality, to be governed by and subject to the provisions of article 1 of chapter 10 of the General Statutes of 1935, including any amendments thereto, so far as the same may be consistent with the provisions of this act." (Laws 1939, ch. 92, § 1.)

By another section of the act the legislature "determined that an emergency exists which calls for this grant of power and authority."

This act amended and repealed sections 1 and 2, chapter 14, Laws 1938, Special Session, which in turn amended and repealed sections 1 and 3 of chapter 83, Laws 1937, which had amended and repealed G. S. 1935, 10-417 and 10-421, which were sections 1 and 5 of chapter 81, Laws 1935.

In the motion for the writ it is alleged that under this statute (Laws 1939, ch. 92) any municipality of the state may:

"(a) Refund and take up at this time outstanding bonds owned and held by the School Fund Commission which will be matured prior to September 1, 1943.

"(b) Refund and take up any outstanding bonds held by the School Fund Commission which were in default in interest or principal prior to June 1, 1938, including those bonds which would not otherwise mature until after September 1, 1943.

"(c) Refund and take up at this time any outstanding bonds held by the School Fund Commission which are callable before September 1, 1943.

"(d) Refund and take up that portion of a bond issue owned and held by the School Fund Commission which will be matured prior to September 1, 1943, even in those instances where other bonds of the same original issue maturing after September 1, 1943, may not at this time be refunded."

That various municipalities have been, and are, issuing such refunding bonds, and that defendant has been, and is, refusing to accept payment for, or to surrender, the bonds held by it which were so refunded. Instances are set out in which a drainage district, a county and a school district have issued such refunding bonds and tendered them, or the proceeds of them, to defendant for bonds of the drainage district, county, or school district now held by defendant and which are not due. In the examples set out the refunding bonds are in the same amount and mature at the same time as the bonds held by defendant, the only difference being in the rate of interest, the refunding bonds bearing the lower rate. It is alleged defendant has wrongfully refused to accept such refunding bonds, or the proceeds thereof, and has passed a resolution instructing the state treasurer "to. refuse to accept payment on bonds now owned by the state school fund and in the state treasury where municipalities seek to pay off such bonds by the issuance of refunding bonds." It is further alleged that the School Fund Commission is an agency of the state and can acquire no contractual rights against another state agency that the legislature cannot take away, and that by adopting chapter 92, Laws 1939, the legislature took away any contractual rights the School Fund Commission may have had to hold any bonds included in the terms of that act.

In defendant's answer it is admitted that various taxing subdivisions of the state, which had issued bonds which had been purchased and were owned by defendant, presuming to act under chapter 92, Laws 1939, had issued refunding bonds, with the proceeds of which they sought to pay the bonds held by defendant, and admitted defendant had refused to accept such payment, but denied that such refusal was wrongful. It alleged that defendant's acts are controlled by sections 3 and 4 of article 6 of our constitution and by chapter 72, article 22, of the General Statutes of 1935, and alleged that chapter 92, Laws 1939, if construed as plaintiff asks that it be construed, violates section 3, article 6, and section 17, article 2, of our state constitution, and also that part of section 10, article 1, and the 14th amendment of the United States consitution which prohibits a state from passing any law impairing the obligation of contracts.

On his own behalf the attorney general, a member of the School Fund Commission, has filed a separate answer, in which it is admitted that sections 3 and 4 of article 6 of our constitution, and article 22, chapter 72, of the General Statutes of 1935, are to be followed by the School Fund Commission in its handling of the state permanent school fund, but alleges that chapter 92, Laws 1939, is to be considered by the commission as controlling until it is repealed or held by a court of competent jurisdiction not to be applicable; and further alleges that chapter 92, Laws 1939, authorized the refunding of bonds which were in default in payment of principal or interest before June 15, 1938, or which will mature prior to September 1, 1943, but denies that bonds which are not due, but are callable before that date, are refundable under the act.

It is well settled that in the absence of a provision therefor, either in the bonds or an applicable statute, municipal bonds issued for a certain number of years are not redeemable before maturity without the consent of the persons holding them. (44 C. J. 1235.) Counsel for plaintiff concede this to be the general rule, but have alleged and argue that the State School Fund Commission is an agency of the state and can acquire no contractual right against another state agency that the legislature cannot take away, and that the legislature, by chapter 92, Laws 1939, took away from the School Fund Commission any contractual right it had to hold until their maturity any bonds included within the terms of that act. With this broad assertion we cannot agree. To support this view they cite and rely

strongly on *Little River Township v. Reno County*, 65 Kan. 9, 68 Pac. 1105, but there the court was dealing with two municipal subdivisions of the state, each of which had been created and its powers and authority and duties given or imposed by the legislature. That is not true here. The School Fund Commission is created by our constitution for the management and investment of the school funds (art. 6, § 9), the principal fund being the perpetual school fund created under our constitution, with limitations upon the diminution of its principal and the disposition of its income (art. 6, §§ 3, 4). These provisions are as binding upon the legislature as they are upon any other branch or department of the government. While these provisions are not altogether self-executing, and the legislature may and has from time to time enacted statutes which have something to do with these subjects, we have no occasion here to consider the extent to which it may go, for chapter 92, Laws 1939, makes no reference to the School Fund Commission, or to the funds which it is to manage and invest.

Counsel for plaintiff also cites *State v. Lawrence*, 79 Kan. 234, 100 Pac. 485. Among other things that decision (by a divided court) held valid, "An act for the relief of the city of Lawrence, and protection of the common-school fund" (Laws 1883, ch. 42), which briefly stated, provided that when the city should pay on bonds it had issued, and which were then held by the School Fund Commission, an amount equal to the price the commission had paid for the bonds, they should be released to the city; provided, the board of regents of the State University issued and delivered to the School Fund Commission bonds in the same amount as those released, the interest to be paid from the income of "the University endowment fund," which was not a part of the perpetual school fund. (Const., art. 6, § 7, Act of Admission, 12 Stat. 127, § 3, *second*, G. S. 1935, lxxviii.) Clearly, the case is not in point. The statute now being considered, as previously noted, makes no mention of the State School Fund Commission, or of the school funds it is required to manage and invest.

Counsel also cite some language used in the opinion in *School District v. School Fund Commissioners*, 114 Kan. 741, 220 Pac. 281. What was actually decided in the case is contrary to the contention of plaintiff. The language used in the opinion by way of argument, referred to by counsel, obviously was intended to go no further

than the case cited in support, and adds no force to plaintiff's contention more than that of the two cases hereinbefore discussed.

The statute being considered does nothing more than to authorize certain municipalities to refund certain kinds or classes of their bonds. It does not require any holder of bonds of the municipality, refunded under this statute, to accept the refunding bonds, or the proceeds from the sale of them, for the bonds previously issued by the municipality, and not due. If construed as requiring the holder of such bonds to accept such payment, and that holder were a private individual, firm, or corporation, it is conceded the statute would be void as to him, for the reason that it would impair the obligations of the contract which he already had with the city (U. S. Const., art. 1, § 10). Assuming the statute might be held to be valid when applied only to refunding bonds issued to take up bonds held by another municipality of the state, over which the legislature had complete control, there is no attempt in the statute to segregate the invalid portion of it from that which is valid; neither does it contain a saving clause; hence, it cannot stand. It does not purport to amend any statute pertaining to the duties of the School Fund Commission, and particularly G. S. 1935, 72-2010, and it cannot be said to do so by implication, since it does not purport to cover the subject matter of those statutes. We find no alternative than to hold that the statute in question (Laws 1939, ch. 92), is invalid, and that it has no force and effect.

The writ prayed for is denied.